**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN WAYNE PINCKARD,

Defendant - Appellant.

No. 03-7116

E.D. Oklahoma

(D.C. No. 95-CR-49-P)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **ANDERSON** , and **LUCERO** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

John Wayne Pinckard appeals the district court's revocation of his term of supervised release, arguing the court erred in finding he possessed a controlled substance based on a single positive urinalysis.

Pinckard was originally sentenced to sixty months' imprisonment, followed by four years of supervised release, having pled guilty to a charge of drug conspiracy, in violation of 21 U.S.C. § 846. Pinckard's term of supervised release began on October 15, 1999. As part of the conditions of his supervised release, Pinckard underwent periodic drug testing. He tested positive for some combination of amphetamine, methamphetamine, and d-methamphetamine three times in 2000, twice in 2001, and once in 2003. Following the last of these, reported on August 28, 2003, Pinckard's probation officer requested that the court initiate revocation proceedings. The officer stated in his petition that:

> The defendant completed the 500 hour Comprehensive Drug Treatment Program during his last period of incarceration. In addition, he has been participating in extensive outpatient treatment during this period of supervised release. Therefore, with the exhaustion of these viable treatment options, it shall be the recommendation of this officer that the supervision of Mr. Pinckard be revoked.

Pet. for Warrant or Summons for Offender Under Supervision at 2, R. Vol. I, tab 56. Pinckard filed a response to the officer's petition, arguing the court should not take into account the first five positive drug tests because they had already been considered in prior revocation actions. Following a hearing, the court found

that Pinckard had violated a mandatory condition of his supervised release by being in unlawful possession of a controlled substance. In making this finding, the court relied only on the most recent failed drug test. The court revoked Pinckard's term of supervised release and sentenced him to thirty-six months' imprisonment, explaining that it "considered the additional positive [drug tests] . . . as aggravation, as the reasons for imposing this sentence at the top of the statutory [range]." Hr'g Tr. at 23, R. Vol. II.

On appeal, Pinckard argues that the district court erred in its application of 18 U.S.C. § 3583(g)(1) because, he contends, a positive drug test cannot form the basis for a finding of unlawful possession of a controlled substance. We considered and rejected this argument in United States v. Hammonds, No. 03-7081, ___ F.3d ___ (10th Cir. 2004). Pinckard also argues that the district court should have ordered him to enroll in a drug treatment program, in accord with 18 U.S.C. § 3583(d), rather than revoking his term of supervision. Having carefully reviewed the record, we conclude the district court did not abuse its discretion in imposing revocation rather than enrollment in a drug treatment program. The district court's revocation order is therefore AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge